[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
This summary process action was filed by the plaintiff, Republic Credit Corporation, on August 10, 2000, pursuant to General Statutes §§ 47a-23
and 47a-23a. The plaintiff, in its complaint, alleges the following facts. On or about June 30, 1998, the Tax Collector of the City of New London, pursuant to General Statutes § 12-1 57, held a tax auction of the premises located at 929-939 Pequot Avenue in New London. The property was sold to the FDIC, as receiver for First Constitution Bank. No person CT Page 11028 redeemed the premises under the procedures authorized by § 12-157
(f). Title to the property was transferred to the FDIC by a Tax Collector's Deed dated July 15, 1998 and recorded July 1, 1999. Certain corrections were made to the deed by way of a "Correcting Tax Collector's Deed" dated and recorded on April 17, 2000. An examination of the deeds, submitted by the plaintiff with its complaint, reveals that the first deed purported to convey title to two parcels while the second deed conveyed title to only the first of the two parcels.
The plaintiff further alleges that on May 10, 2000, the FDIC sold the premises to the plaintiff by quitclaim deed recorded May 11, 2000. The defendants, Joseph M. Caldrello and Sandra Caldrello, have allegedly been in continuous possession of the property since the tax auction. The plaintiff alleges that the defendants' right to occupy the premises has terminated, that the plaintiff caused a notice to quit to be served on the defendants, and that the defendants have failed to quit possession of the premises despite the passing of the time designated in the notice to quit. The plaintiff seeks immediate possession of the premises.
On August 11, 2000, the defendants filed an answer and three special defenses. At the same time, the defendants also filed a motion to dismiss the action on the ground that the plaintiff lacks standing under §47a-23. The defendants' motion is accompanied by a memorandum of law, and the plaintiff has also filed a memorandum of law in opposition. The defendants filed a supplemental memorandum on September 5, 2000.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31
(a). "The question of standing implicates a court's subject matter jurisdiction and, as such, may be raised at any time during the proceedings. If the party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) Weidenbacher v. Duclos, 234 Conn. 51, 54 n. 4, 661 A.2d 988
(1995).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue." (Citation omitted; internal quotation marks omitted.) State v. DeCaro, 252 Conn. 229,253, 745 A.2d 800 (2000).
The defendants argue that the plaintiff is not a party authorized to CT Page 11029 bring an action under § 47a-23, and that the plaintiff therefore lacks standing. General Statutes §§ 47a-23 and 47a-23a provide for an action by "the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact. . . ." The defendants argue that despite the plaintiff's allegations to the contrary, the plaintiff is not the owner of the property in question because the errors in the tax collector's first deed rendered the entire tax sale invalid.
Attacks on the validity of a tax sale are strictly limited by statute. General Statute § 12-159, as amended by Public Acts 1999, No. 99-283, § 5, provides in relevant part, "Any deed, or the certified copy of the record of any deed, purporting to be executed by a tax collector and similar, or in substance similar, to the [language in General Statutes § 12-158 (a)], shall be prima facie evidence of a valid title in the grantee to the premises therein purported to be conveyed. . . . No act done or omitted relative to the assessment or collection of a tax, including everything connected therewith, after the vote of the community laying the same, up to and including the final collection thereof or sale of property therefor, shall in any way affect or impair. . . . the validity of such sale, unless the person contesting the validity of such sale shows that the collector neglected to provide notice pursuant to section 12-157, to such person or to the predecessors of such person in title, and who had a right to notice of such sale, and that the person or they in fact did not know of such sale within six months after it was made, and provided such property was by law liable to be sold to satisfy such tax."
By statute, therefore, there are only two grounds upon which a tax sale may be attacked. "[U]nless [the defendants] can show that (1) the tax collector failed to mail [them] notice of the sale and that [they] did not have actual notice of the sale [six months] after it was made, or (2) that the property was not by law liable to be sold to satisfy the tax, then the [plaintiff's] proffer of the tax collector's deed is prima facie evidence of [its] valid and unencumbered title to the subject property."Berger v. Fitzgerald, 55 Conn. App. 138, 149, 739 A.2d 287, cert. denied, 251 Conn. 922, 742 A.2d 358 (1999).
The defendants' arguments regarding the errors in the original deed do not fall within either of these two statutory exceptions. Even if the original deed erroneously included an additional parcel of land, this is irrelevant because the defendants do not claim that the property actually involved in the present case was not "by law liable to be sold to satisfy such tax." Significantly, the defendants have nowhere asserted that the property involved in the present case is other than the property described in the second, correct deed. CT Page 11030
The defendants, in their supplemental memorandum, have also argued that the tax collector failed to comply with the notice provisions of §12-157. As § 12-159 makes clear, however, such an attack must be based on the tax collector's failure to send notice of the sale to the defendants and the defendants' lack of actual notice. The defendants have not suggested that they were not sent notice or that they did not have actual notice. Therefore, the defendants' attack on the notice given by the tax collector is inadequate to defeat the prima facie showing of title.
The defendants also argue that the plaintiff does not own the property because of an error in the deed by which the FDIC conveyed the property to the plaintiff. A copy of this deed was submitted by the plaintiff with its complaint. The deed includes the second parcel erroneously included on the first tax collector's deed. The defendants argue that because of this error, "there is a significant question as to what property was allegedly conveyed to the plaintiff." The defendants do not claim however, that there is any question as to whether the particular parcel involved in the present action was conveyed to the plaintiff.
Finally, the defendants argue that the plaintiff's title is called into question because the tax collector's files failed to identify Sandra Caldrello as one of the taxpayers on the subject property and because the City of New London failed to act in a commercially reasonable manner in conducting the tax sale. These are not valid grounds for attacking the validity of the deed under § 12-159.
The defendants have failed to show that the plaintiff is not the owner of the property involved in the present case. Under § 12-159, the deed submitted by the plaintiff is prima facie evidence that it is the owner of the property. The plaintiff therefore has standing, as the owner of the property, to pursue an action under §§ 47a-23 and 47a-23a.
For all of the reasons discussed above, the motion to dismiss is denied.
D. Michael Hurley, Judge Trial Referee